IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANICE JAMES-WATSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTHONY D'ANDREA,<br><br>        Defendant. | Civ. No. 19-00474 JMS-RT<br><br>ORDER DENYING DEFENDANT AND THIRD-PARTY PLAINTIFF D'ANDREA'S MOTION TO TRANSFER VENUE, ECF NO. 29. |
| ANTHONY D'ANDREA,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>TREVOR WATSON,<br><br>        Third-Party Defendant. | |

**ORDER DENYING DEFENDANT AND THIRD-PARTY PLAINTIFF D'ANDREA'S MOTION TO TRANSFER VENUE, ECF NO. 29.**

**I. INTRODUCTION**

      This case arises from a vehicle collision that occurred in the State of Hawaii. Before the court is Defendant and Third-Party Plaintiff Anthony D'Andrea's ("D'Andrea") motion to transfer the case from the United States District Court, District of Hawaii, to the United States District Court, Eastern

District of Tennessee under 28 U.S.C. § 1404(a). For the foregoing reasons, the court DENIES D'Andrea's motion.

## II. BACKGROUND

**A.  Factual Background**

On January 8, 2017, Plaintiff Janice James-Watson ("Janice") was a passenger in a car driven by her husband, Third-Party Defendant Trevor Watson ("Trevor"). Janice and Trevor were rear-ended by D'Andrea in Hawaii on the island of Oahu. *See* Compl., ECF No. 1-2 at PageID #9-10. D'Andrea's wife, Kristy D'Andrea ("Kristy"), who is not a party in this suit, was a passenger in D'Andrea's car. ECF No. 29-1 at PageID #156.

Janice resided in Hawaii at the time of the accident and at the time of filing this case, *see* ECF No. 30 at PageID #174, but she and Trevor have moved to and currently reside in Maryland. ECF No. 34 at PageID #222. D'Andrea and Kristy reside in Tennessee, ECF No. 30-4 at PageID #193, and they were vacationing in Hawaii at the time of the accident.

Janice identified the following witnesses in her Rule 26(a) Initial Disclosure, all of whom reside in Hawaii: (1) Police Officer Matthew Goeas; (2) Property damage appraiser Clayton Nunes; (3) eleven medical personnel who treated Janice; and (4) a witness who could discuss her "employment, job duties,

earnings, time off work and loss of earnings." *See* ECF No. 30-3 at PageID #186-189. Janice also identified seven medical personnel treating her in Maryland. *Id.* at PageID #188-89. D'Andrea's Rule 26(a)(1) disclosure (as Third-Party Plaintiff) also identified two Hawaii police officers—"Mathew Gofas"[1] and Elizabeth Rockett. *See* ECF No. 30-4 at PageID #194.

**B.     Procedural Background**

On July 29, 2019, Janice filed a complaint against D'Andrea in Hawaii state court, which was subsequently removed by D'Andrea to the United States District Court, District of Hawaii, pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 at PageID #2.

On October 8, 2019, D'Andrea filed a Third-Party Complaint, naming Janice's husband, Trevor, as a Third-Party Defendant, alleging that if D'Andrea is found liable to Janice, then D'Andrea is entitled to indemnity and/or contribution from Trevor. *See* ECF No. 14 at PageID #89-90.

On May 5, 2020, eight months after D'Andrea removed the instant matter, he filed this motion to transfer venue to the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 29. Janice and Trevor both oppose.

---

[1] The court presumes "Mathew Gofas" and "Matthew Goeas," identified by Janice, are the same person.

*See* ECF Nos. 34 (Trevor) 35 (Janice).  D'Andrea filed his reply on June 1, 2020. ECF No. 37.  The court finds the matter suitable for disposition without a hearing under Local Rule 7.1(c).  ECF No. 36.

### III.  STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[2] or to any district or division to which all parties have consented.

Courts in the Ninth Circuit consider the following non-exhaustive factors when addressing a motion to transfer venue under section 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

---

[2]  The parties appear to agree that this lawsuit could have been brought in the Eastern District of Tennessee because it has personal jurisdiction over D'Andrea, a resident of Tennessee.  *See* ECF No. 1-2 at PageID #8 (Complaint alleging D'Andrea is a resident of Knoxville, Tennessee).

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).[3] "[T]he relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

      The moving party has the burden of showing that an alternative forum is the more appropriate forum for the action. *Id.* Because "a court must balance the preference accord[ing] plaintiff's choice of forum with the burden of litigating in an inconvenient forum," "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal citations omitted).

## IV. DISCUSSION

      D'Andrea essentially argues that this court should transfer the case to the Eastern District of Tennessee because it is more convenient for him and his wife, and *no less convenient* for Janice and Trevor to travel from Maryland to Tennessee as opposed to Hawaii. This argument fails. While transferring the

---

[3] D'Andrea's brief cites a case from the District of Delaware, *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 468 (D. Del. 2013), and then strangely refers to *Mitel* as a "Ninth Circuit" court. *See* ECF No. 29-1 at PageID #158. The court cautions counsel to be more mindful of what he purports to cite as authority within the Ninth Circuit. Regardless, the Third Circuit's test in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995), cited in *Mitel*, is similar to the Ninth Circuit test in *Jones*.

matter to Tennessee would be convenient for D'Andrea and his wife, Kristy, he has articulated no other factor justifying why this case should be transferred, or otherwise shown any other contacts, to Tennessee. In viewing all the applicable *Jones* factors,[4] they overwhelmingly weigh in favor of this court retaining the case. This court is more familiar with Hawaii state law (which governs this matter) than the Eastern District of Tennessee; this state is Janice's choice of forum; the accident occurred in Hawaii, and D'Andrea and Kristy were vacationing in Hawaii, thus both parties have relevant contacts to this district; and the majority of witnesses including police officers, the damage appraiser, and medical personnel all reside in Hawaii. *See Farmer v. Ford Motor Co.*, 2007 WL 4224612, at *3 (N.D. Cal. Nov. 28, 2007) (transferring case from California to Ohio because the car accident occurred in Ohio and so there is a "greater ease of access to evidence in Ohio since the scene of the accident, the car, and many percipient witnesses are located there" along with records also stored in Ohio, and "California's connection to this lawsuit is solely limited to the fact that two of the plaintiffs live in California"). *Compare with Ukai v. Fleurvil*, 2006 WL 3246615, at *4 (D. Haw.

---

[4] Factors 1 (where agreements were executed) and 7 (the availability of compulsory process to compel attendance of unwilling non-party witnesses) do not appear to be applicable here.

Nov. 7, 2006) (transferring matter to New York after finding Hawaii to be an improper venue because the injurious actions took place in New York).

And, as a matter of public policy, Hawaii has more interest in car accidents on its own roads than Tennessee does. *See also Jacques v. Hyatt Corp.*, 2012 WL 3010969, at *10 (N.D. Cal. July 23, 2012) (noting that Hawaii courts have an interest involving visitors to Hawaii given the state's tourism industry). Further, this matter was removed from state court eight months ago, the parties have started engaging in discovery, and D'Andrea is only now seeking to transfer this case without explanation for why transfer is now more justified. All these practical considerations weigh in favor of this court retaining the case. *See Jumara*, 55 F.3d at 879-80 (noting practical considerations include "mak[ing] the trial easy, expeditious, or inexpensive," "the local interest in deciding local controversies at home," "the public policies of the fora," "and the familiarity of the trial judge with the applicable state law in diversity cases") (citing Wright & Miller).

At most, D'Andrea argues that Tennessee is closer to Maryland than Hawaii is to Maryland, and thus, the costs would be less for Janice to travel, that she should not be on prolonged flights after her surgery, and that it is no less convenient for her to travel to Tennessee than it is to travel to Hawaii. However,

any concerns D'Andrea may have for Janice's health, her costs, or conveniences *as to her* are inapplicable here because she has not expressed any concerns flying to Hawaii (as opposed to Tennessee) and picked Hawaii as her chosen forum.[5] Moreover, if this case was transferred to Tennessee, the majority of witnesses in Hawaii may have to travel to Tennessee instead. And, any witnesses from Maryland would still need to travel. Thus, transferring this case to Tennessee would not reduce the inconvenience of traveling nor would it appear to reduce costs for the parties to litigate the matter. It merely shifts the burden from the parties to the witnesses. Any additional convenience of traveling for Janice and Trevor from Maryland to Tennessee, as opposed to from Maryland to Hawaii, is minimal, and outweighed by Janice's choice of forum and all the other factors previously discussed.

Put differently, D'Andrea seeks to have this matter transferred to Tennessee because it would be more convenient for him to litigate this matter in his state of residence. D'Andrea fails to identify any other factor showing that

---

[5] Nor does the court afford Janice's original choice of forum in Hawaii state court any less weight. There is no evidence of forum shopping by Janice. Janice was a resident of Hawaii at the time of the accident and the filing of the instant suit. Accordingly, while other cases have given a plaintiff's choice of forum less weight because a plaintiff appears to have no other contacts to the forum, that does not appear to be the situation here. *See* Motion, ECF No. 29-1 at PageID #160 (quoting *In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) that "[w]hen a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference" (internal citations omitted)).

Tennessee is a more convenient forum than Hawaii. Thus, he has not made the requisite "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Defendant and Third-Party Plaintiff D'Andrea's motion to transfer venue.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*James-Watson v. D'Andrea*, Civil No. 19-00474, Order Denying Defendant and Third-Party Plaintiff D'Andrea's Motion to Transfer Venue, ECF No. 29.